In the Matter of PENN CENTRAL
TRANSPORTATION COMPANY,
Debtor.

Petition of NATIONAL RAIL PASSEN-
GER CORPORATION TO ENFORCE
ARBITRATION AWARD.

No. 70–347.

United States District Court,
E. D. Pennsylvania.

July 19 and Oct. 1, 1976.

See also D.C., 422 F.Supp. 67.

Carl Helmetag, Jr., Philadelphia, Pa., and
Andrew P. Corcoran, Jr., Wayne, Pa., for

the trustees, Penn Central Transportation
Co.

Gratz, Tate, Spiegel, Ervin & Ruthrauff
by Spencer Ervin, Jr., Philadelphia, Pa., for
Richard Joyce Smith, Trustee, New York,
New Haven & Hartford Railroad Co.

Andrew J. Valentine, Washington, D. C.,
for National Railroad Passenger Corp.

Karl J. Stipher, Indianapolis, Ind., for
Amtrak.

Pepper, Hamilton & Scheetz by Laurence
Z. Shiekman, Philadelphia, Pa., for Conrail.

MEMORANDUM AND ORDER NO. 2458

FULLAM, District Judge.

A remarkable amount of procedural con-
fusion attends the issues now before the
Court in this matter. In February 1976,
National Rail Passenger Corporation
("Amtrak") petitioned the United States
District Court for the Southern District of
Indiana for confirmation of an award of
arbitrators which, by majority vote, had
directed the Penn Central Trustees to up-
grade certain trackage in that area for pas-
senger service. The arbitration was provid-
ed for in the contract between the Trustees
and Amtrak, authorized by this Court in
Order No. 238. Order No. 238 expressly
provided that decisions of arbitrators in
matters of this kind would not be finally
binding upon, or enforceable against, the
Trustees of Penn Central until reviewed by
this Court. The Trustees thereupon peti-
tioned this Court for an order upon Amtrak
to show cause why it should not be enjoined
from proceeding in the Indiana court.

After a hearing at which it was expressly
agreed that the confirmation being sought
in Indiana was intended merely to establish
the validity of the arbitrator's award, and
that it would not be enforceable except
upon further application to this Court, I
denied the Trustees' petition, and permitted
the confirmation proceedings to go forward.
Thereafter, the Trustees interposed no ob-
jection to confirmation of the award in
Indiana.

In early April 1976, Amtrak filed in this Court a petition (Document No. 10440) "for order authorizing, instructing and directing the Trustees to carry out the judgment of the U. S. District Court, Southern District of Indiana, to restore or to cause to be restored certain rail lines in Indiana." In the interim, of course, the rail lines in question had been conveyed to Conrail pursuant to the Rail Act, effective April 1, 1976.

Amtrak's petition for enforcement was set down for hearing on April 27, 1976. Shortly before this hearing, Amtrak sought, and obtained, an indefinite continuance. Apparently, the impetus for the continuance request was the Trustees' answer to the petition, which pointed out, among other things, the contradiction between the arbitrator's award and the Rail Act (issues which had been discussed at length in the February proceedings, but which had been expressly omitted from consideration by the arbitrators).

Thereafter, Amtrak returned to the United States District Court for the Southern District of Indiana and obtained, apparently, an order in the nature of a declaratory judgment purporting to establish the *res judicata* effect to be given to its earlier order confirming the arbitrator's award.

The Trustees then filed a motion in this court asking that Amtrak's pending petition be rescheduled for prompt hearing, and that Amtrak be restrained from taking action to enforce the arbitrator's award pending action on its petition. On June 30, 1976, I entered Order No. 2419, setting a hearing date for July 15 on Amtrak's petition for enforcement, and restraining Amtrak, pending that hearing, from taking further action to enforce the arbitrator's award. At this point, counsel for Amtrak embarked upon a procedural course which is somewhat difficult to follow. Virtually simultaneously, the following occurred:

1. Through an associate in his office, Amtrak's counsel sought, and obtained, a postponement of the July 15 hearing to July 30, 1976, for reasons of personal convenience.

2. Counsel for Amtrak filed a "Motion to Join State of Indiana in Proceedings Concerning Order No. 2419 and for Prior Hearing on Said Motion" (Document No. 10884).

3. On July 13, 1976, counsel for Amtrak filed a "Motion to Stay All Further Proceedings Upon Petition of National Railroad Passenger Corporation of April 9, 1976" alleging, *inter alia*, that on July 9, 1976, counsel filed a notice of appeal from Order No. 2419, and seeking a stay of all further proceedings until after the Court of Appeals has acted. (It should be noted that, except for the allegations in this motion, I am unaware of any such notice of appeal.)

To recapitulate, Order No. 2419 merely scheduled a hearing on Amtrak's petition. The only restraints imposed by that Order would have terminated at the hearing; moreover, the restraints imposed by the Order are entirely consistent with the position stated by Amtrak at the February hearing (and, of course, are also consistent with the provisions of Order No. 238).

A stay of all further proceedings on Amtrak's petition, without dissolving the restraint portions of Order No. 2419, is presumably not what Amtrak is seeking, although that would seem to be the inexorable effect of granting the pending motion. An indefinite postponement of the hearing, accompanied by dissolution of the restraints imposed by Order No. 2419, would be tantamount to resolving the very issues which are to be explored at the hearing.

In the voluminous record which has already accumulated in this matter, I am unable to discern any valid reason for postponing the hearing beyond the July 30 date, fixed in accordance with the wishes of Amtrak's counsel; nor do I perceive any valid reason for exposing the Debtor's estate to attempts by Amtrak to obtain, in advance of that hearing, the "enforcement" which Amtrak is seeking in the petition which is the subject of that hearing. There is, of course, nothing in Order No. 2419 which in any way restricts Amtrak from protecting its interests in connection with any appeal

which may be taken from the Indiana judgment.

Needless to say, if Amtrak is willing that the *status quo* be preserved until such time as its petition for enforcement in this Court is heard, the hearing date can be further postponed.

AND NOW, this 19th day of July, 1976, for the reasons set forth in the accompanying Memorandum, it is ORDERED that the "Motion to Stay All Further Proceedings upon Petition of National Railroad Passenger Corporation of April 9, 1976" is hereby DENIED.

See also D.C., 422 F.Supp. 65.